UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

RICHARD P. ASSAM, on behalf of himself and others similarly situated,

                 Plaintiff,

vs.

MIDLAND CREDIT MANAGEMENT, INC.,

                 Defendant.

----------------------------------------X

Civil Action No.: 08-CV-3145 (DC)(MHD)

**DEFENDANT, MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant, MIDLAND CREDIT MANAGEMENT, INC., by and through its attorneys, PINO & ASSOCIATES, LLP, as and for its Answer To Plaintiff's Class Action Complaint ("Complaint"), respectfully alleges as follows:

1. Defendant admits that the Plaintiff purports to bring this action on his own behalf and behalf of all others similarly situated for alleged damages and declaratory and injunctive relief, but denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, but denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Denied. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits that it is a Kansas Corporation, its Registered Agent is the Corporation Company, Inc., 515 South Kansas Avenue, Topeka, Kansas 66603, and that it is engaged in the business of collecting debts exclusively through the means of interstate

237671.1

commerce. Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

## AS AND FOR AN ANSWER TO THE
## PLAINTIFF'S CLASS ACTION ALLEGATIONS

6. Defendant admits that the Plaintiff purports to bring this action on behalf of a class, but denies all remaining allegations contained in Paragraph 6 of the Complaint, and denies that a class exists or should be certified.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 (a)–(d) of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

## AS AND FOR AN ANSWER TO THE
## PLAINTIFF'S STATEMENT OF FACTS

15. Defendant admits that on or about February 8, 2008 it sent a letter to the Plaintiff and the terms of the letter speak for themselves. Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits that the February 8, 2008 letter states that Midland Funding LLC purchased Mr. Assam's Aspire Visa account and the terms of the letter speak for themselves. Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits that it received a letter dated March 4, 2008 from the Plaintiff and the terms of the letter speak for themselves. Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits that the Defendant's March 17, 2008 letter provides documents for the account, requests immediate payment of the balance in full, and asks the Plaintiff to call the Defendant to discuss this matter further. The terms of the letter also speak for themselves. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

## AS AND FOR AN ANSWER TO THE PLAINTIFF'S FIRST CAUSE OF ACTION

21. In response to Paragraph 21 of the Complaint, Defendant repeats, realleges, and reiterates its responses to Paragraphs 1 through 20 as though fully set forth at length herein.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations as stated in the prayer.

25. Any allegation not admitted is denied.

TO THE EXTENT NOT EXPRESSLY ADMITTED HEREIN, ALL MATERIAL ALLEGATIONS OF THE COMPLAINT ARE DENIED.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Class Action Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Defendant affirmatively pleads that the Plaintiff has not suffered any actual damages as a result of the alleged acts and/or omissions of Defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

To the extent that any violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), or any other federal or state statute occurred, which Defendant expressly denies, said violation was unintentional and resulted from a bona fide error, notwithstanding the maintenance by the Defendant of procedures reasonably adapted to avoid any such error.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

At all times, Defendant acted in good faith and without malice or intent to injure Plaintiff.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his alleged damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Defendant asserts that class action status is not appropriate in this case.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The allegations contained in Plaintiff's Class Action Complaint are barred, in whole or in part, by the applicable statutes of limitations, including 15 U.S.C. §1692k(d).

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from recovering any relief sought in the Plaintiff's Class Action Complaint based upon the Plaintiff's own conduct and admissions with respect to the debt at issue.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff has waived his rights, if any, to recover the relief sought in the Class Action Complaint based upon Plaintiff's own conduct and admissions with respect to the debt at issue.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Defendant has, at all material times with respect to the Plaintiff, acted in good faith and complied fully with the FDCPA and all relevant federal and state laws.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

No damages can be awarded to the Plaintiff to the extent that the damages allegedly suffered are not reasonably calculable or ascertainable.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

In the event that the proposed class is not certified, but Plaintiff is able to adequately plead a violation of the FDCPA, Plaintiff's entitlement to statutory damages is capped at $1,000 per action, not per violation of the FDCPA.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff did not request validation within thirty (30) days of the initial communication with the Defendant. 15 U.S.C. §1692g.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The February 8, 2008 and March 17, 2008 letters fully comported with the FDCPA by providing validation and an effectively conveyed validation notice as required by 15 U.S.C. §1692g(a) which provided:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed and the name of the original creditor;

(3) a statement that unless the Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the Defendant; and

(4) a statement that if the consumer notifies Defendant in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant would obtain verification of the debt and a copy of such verification would be mailed to Plaintiff by Defendant.

Plaintiff was provided with validation in the March 17, 2008 letter, and the then-current amount of the debt, the name of the original creditor and the current creditor, and the validation notice in the February 8, 2008 letter. Therefore, the Plaintiff's Complaint fails to plead any claims upon which relief may be granted.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a finding by this Honorable Court reflecting the improper purpose of this action and is entitled to recover all reasonable legal fees and costs incurred in defending this action pursuant to 15 U.S.C. §1692k(a)(3).

### AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot plead a viable class claim as his claims are not only non-meritorious, but atypical in both fact and law and do not predominate over questions affecting only individual members as to the defined classes; numerosity is absent; the class is not objectively identifiable; and class treatment is not superior to individual treatment in the clear absence of any individual or class-wide violative conduct by the Defendant.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional Affirmative Defenses as more information becomes available through discovery.

WHEREFORE, Defendant, MIDLAND CREDIT MANAGEMENT, INC., demands judgment dismissing the Plaintiff's Class Action Complaint on the merits herein, together with the costs and disbursements of this action and attorneys' fees, and for such other and further relief as this Court deems just and proper.

Dated: White Plains, New York
       May 19, 2008

                                              s/ Thomas E. Healy
                                        Thomas E. Healy (TH 4340)
                                        Pino & Associates, LLP
                                        Westchester Financial Center
                                        50 Main Street
                                        White Plains, New York 10606
                                        Telephone: (914) 946-0600
                                        Facsimile: (914) 946-0650
                                        **Attorneys for Defendant**
                                        **MIDLAND CREDIT MANAGEMENT, INC.**

TO:    Abraham Kleinman, Esq. (Via ECF and Regular Mail)
         626 RexCorp Plaza
         Uniondale, New York 11556-0165
         Telephone: (516) 522-2621
         Facsimile: (888)522-1692
         **Attorney for the Plaintiff**
         **RICHARD P. ASSAM, on behalf**
         **of himself and others similarly situated.**